UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TYRESHIA R. BATEMAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:20-cv-00027-CDP |
| ANGELA MESMER, | ) ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on review of petitioner Tyreshia R. Bateman's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the petition will be denied and dismissed as successive. *See* 28 U.S.C. § 2244(b).

### Background

Petitioner is a self-represented litigant who is currently incarcerated at the Women's Eastern Reception, Diagnostic and Correctional Center in Vandalia, Missouri. On July 21, 2006, she pleaded guilty to second-degree murder, armed criminal action, and stealing under $500.[1] *State of Missouri v. Bateman*, No. 22051-01260B-01 (22nd Jud. Cir., St. Louis City). She was sentenced to twenty-five years' imprisonment on October 19, 2006. Petitioner did not file a direct appeal.

On August 2, 2019, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. *Bateman v.*

---

[1] Petitioner's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

*Mesmer*, No. 2:19-cv-65-NCC (E.D. Mo.). The petition was dismissed on December 30, 2019 as time-barred. Petitioner did not appeal from that dismissal.

Petitioner filed the instant action on May 7, 2020.

### The Petition

In her petition, petitioner indicates that she is challenging her conviction in *State of Missouri v. Bateman*, No. 22051-01260B-01 (22nd Jud. Cir., St. Louis City). She puts forth one ground for relief, asserting that a Missouri statute passed on December 21, 2018 "affects [her] and…is also [retroactive]." (Docket No. 1 at 4). Petitioner further explains that she was a juvenile when her offense was committed, and that the twenty-five year sentence she received amounts to a "capital punishment mandatory life sentence." (Docket No. 1-1 at 1). She contends that she received a "virtual life…sentence" that violates the Eighth Amendment.

### Discussion

Petitioner is a self-represented litigant who brings this petition pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition must be denied and dismissed because it is successive. *See* 28 U.S.C. § 2244(b).

**A. Successive Petition**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for federal habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). Under the AEDPA, there is a "stringent set of procedures" that a state prisoner "must follow if he wishes to file a second or successive habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). Generally, a claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). For claims in a

successive application that were not presented in a prior application, however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition").

Here, as noted above, petitioner filed a prior application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 2, 2019. The petition challenged the same conviction at issue here, and sought relief on the same ground, to wit: that her sentence is unconstitutional because she was a juvenile when her offense was committed, and that Missouri has passed a statute affecting her sentence. This petition was dismissed without prejudice as time-barred on December 30, 2019. The dismissal of a federal habeas petition on the basis of untimeliness is a determination on the merits for purposes of the successive petition rule. *See Quezada v. Smith*, 624 F.3d 514, 519-20 (2nd Cir. 2010) (holding "that dismissal on a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction second or successive petitions under § 2244(b)"); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (holding "that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be second or successive for purposes of 28 U.S.C. § 2244(b)"); and *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (holding that "a dismissal on limitations grounds is a judgment on the merits"). As such, the instant petition is successive.

To the extent petitioner seeks to relitigate claims she brought in her original § 2254 petition, those claims must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, she must obtain leave from the United States Court of

Appeals for the Eighth Circuit before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals. As such, the petition must be denied and dismissed as successive.

### B. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it plainly appears that petitioner is not entitled to relief because she has previously filed a habeas petition in this Court, making the instant petition successive.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

### D. Motion to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted.

### E. Motion to Appoint Counsel

Petitioner has filed a motion to appoint counsel. (Docket No. 2). The motion will be denied as moot as this petition is being denied and dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b)(1). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Docket No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 6th day of August 2020.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE